UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| PAUL J. KIGER | CIVIL ACTION NO. 07-1833-P |
| VERSUS | JUDGE WALTER |
| JONATHEN COLQIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Paul J. Kiger ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 2, 2007. Plaintiff alleges his civil rights were violated by prison officials while incarcerated at the Bossier Parish Medium Security Facility in Plain Dealing, Louisiana. He names the Bossier Parish Medium Security Facility, Jonathen Colqin, Russell Cox, Jane Doe, John Doe, Captain Grey, Greg Iris, Lt. Jacobs, Heath Lyes and Officer Williams as defendants.

Plaintiff was ordered on January 23, 2008, to file, within 30 days of the service of the order, an amended complaint. (Doc. 13). On January 30, 2008, the memorandum order was returned to this Court by the United States Postal Service marked "RETURN TO SENDER-REFUSED-UNABLE TO FORWARD." On February 11, 2008, this Court

updated Plaintiff's address and re-mailed the January 23, 2008 memorandum order to him. On February 19, 2008, at Plaintiff's request, this Court again mailed the January 23, 2008 memorandum order to him. To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79

F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 28 day of May 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE